United States District Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-24-2457 |
| § | |
| EASTERN ENERGY SERVICES, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

National Oilwell Varco, L.P. ("NOV") brought this breach-of-contract action against Eastern Energy Services, Inc. ("Eastern"). NOV is seeking payment for equipment it sold to Eastern and to Conquest Completion Services, LLC ("Conquest") — a company that Eastern allegedly bought and whose debts Eastern allegedly agreed to pay. Eastern denies that it bought Conquest or that it assumed Conquest's debts. Pending before the court is Plaintiff National Oilwell Varco, L.P.'s Opposed Combined Motion for Leave to Add Conquest Completion Services, LLC as a Co-Defendant and Motion for Remand Back to State Court ("NOV's Motion to Amend") (Docket Entry No. 18). Because the factors stated in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), weigh in favor of permitting the amendment, NOV's Motion to Amend will be granted. Because adding Conquest destroys the court's subject matter jurisdiction, this action will be remanded to the 234th Judicial District Court of Harris County, Texas.

## I. Background

NOV brought this action against Eastern on June 7, 2024, in the 234th Judicial District Court of Harris County, Texas.[1] NOV's Original Petition alleges:

> 7.   NOV provided various oilfield equipment and services to both [Conquest] and Eastern . . .
>
> 8.   In September of 2023, Eastern completed its acquisition of Conquest and agreed to repay Conquest's then outstanding debt owed to NOV "in the next 10 days."
>
> 9.   On November 30, 2023, NOV and Eastern entered into a written Agreement whereby Eastern agreed to pay NOV $4,302,395.30: (1) $1,282,888.59 for the various Eastern past-due invoices on or before December 25, 2023; and (2) $3,019,506.71 for the various Conquest past-due invoices.
>
> 10.  Pursuant to the November 30, 2023, written agreement, Eastern made some payments to NOV totaling $551,223.13. However, Eastern still owes NOV $3,751,172.17, pursuant to the various Eastern and Conquest Purchase Orders, NOV's corresponding Invoices, and the November 30, 2023, written Agreement.[2]

NOV alleges a breach-of-contract claim against Eastern for the unpaid amount.[3]

On June 28, 2024, NOV removed the action to this court on the basis of diversity jurisdiction, stating that NOV is a citizen of Texas and Delaware and that Eastern is a citizen of Mississippi.[4]

---

[1] Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 2; Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1. All page numbers refer to the pagination printed at the top of the page by the court's Electronic Case Filing system.

[2] Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 3-4 ¶¶ 7-10.

[3] Id. at 4-6.

[4] Notice of Removal, Docket Entry No. 1, p. 2 ¶¶ 5, 8.

On July 12, 2024, Eastern filed an Answer.[5] Eastern's Answer states:

> 8. It is admitted that during September 2023, Eastern purchased certain assets owed by Conquest. Eastern denies that there is any contract between Eastern and NOV whereby Eastern agreed to pay any debts owed by Conquest to NOV. Eastern denies that NOV is a third-party beneficiary of any contract between Eastern and Conquest.[6]

In its affirmative defenses Eastern states that "[t]he alleged November 30, 2023 'written Agreement' between NOV and Eastern is not a contract or other enforceable agreement" and that "the essential terms of the alleged contract were never agreed upon and the alleged contract fails for indefiniteness."[7]

On August 28, 2024, the court entered a Docket Control Order setting a deadline of September 27, 2024, for motions to amend the pleadings and to add new parties.[8]

On September 3, 2024, NOV filed its Motion to Amend.[9] NOV seeks to add a breach-of-contract claim against Conquest for the unpaid invoices.[10] NOV acknowledges that adding Conquest — a citizen of Texas — would destroy the court's diversity jurisdiction

---

[5]Answer, Affirmative Defenses and Counterclaims ("Answer"), Docket Entry No. 8.

[6]Id. at 3 ¶ 8.

[7]Id. at 1-2.

[8]Docket Control Order, Docket Entry No. 17, p. 1 ¶¶ 1-2.

[9]NOV's Motion to Amend, Docket Entry No. 18.

[10]NOV's First Amended Complaint ("NOV's FAC"), Exhibit E to NOV's Motion to Amend, Docket Entry No. 19, pp. 5-6.

and that the Motion to Amend is therefore governed by the Hensgens factors.[11] Eastern responded, and NOV replied.[12] Eastern argues that Conquest cannot be joined under Rule 20 and that the Hensgens factors weigh against the amendment.[13]

## II.  **Legal Standards**

### A.  **Federal Rule of Civil Procedure 20**

> **(1)** . . . Persons . . . may be joined in one action as defendants if:
>
> > **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "[I]ndependent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against

---

[11] NOV's Motion to Amend, Docket Entry No. 18, pp. 13-14.

[12] Eastern Energy Services, Inc.'s Memorandum in Support of Its Response in Opposition to Plaintiff's Combined Motion for Leave to Add Conquest Completion Services, LLC as a Co-Defendant and Motion for Remand to State Court ("Eastern's Response"), Docket Entry No. 23; Plaintiff National Oilwell Varco, L.P.'s Reply in Support of Its Combined Motion to Add a Party and for Remand, Docket Entry No. 24.

[13] Eastern's Response, Docket Entry No. 23, p. 2.

each defendant." In re EMC Corp., 677 F.3d 1351, 1358 (Fed. Cir. 2012).

B.  **The Hensgens Factors**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading as a matter of course no later than (A) 21 days after serving it or (B) if a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. After that period, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

A "higher level of scrutiny" applies, however, when the plaintiff seeks to join a new, non-diverse defendant that would destroy subject matter jurisdiction. Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 185 (5th Cir. 2018). The Fifth Circuit in Hensgens stated that such an amendment presents "competing interests. On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources [if the amendment is denied]. On the other side, the diverse defendant has an interest in retaining the federal forum." 833 F.2d at 1182. The Fifth Circuit identified four factors that courts should weigh when considering such amendments: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether

plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." Id. "'[W]hen considering the Hensgens first factor, the Court should factor most greatly whether the proposed amendment states a valid claim.'" Shargian v. Shargian, 591 F. Supp. 3d 100, 109 (E.D. La. 2022). Courts also consider whether the plaintiff knew the new defendant's identity and role when filing the state court suit. See Richardson v. Wal-Mart Stores Texas, LLC, 192 F. Supp. 3d 719, 726 (S.D. Tex. 2016).

### III. Analysis

#### A. Permissive Joiner Under Rule 20

NOV's claim against Conquest satisfies the Rule 20 standard for joinder. NOV seeks to recover from Eastern and Conquest "jointly, severally, or in the alternative" on the same transaction or occurrence — Conquest's debts. Fed. R. Civ. P. 20(a)(2). Moreover, "question[s] of law or fact common to all defendants will arise in the action" because to recover against either party for Conquest's debt, NOV will have to prove the existence and validity of that debt. Id. Under Rule 20(a)(2), NOV may join Eastern and Conquest as defendants in a single action.

#### B. The Hensgens Factors

##### 1. The Purpose of the Amendment

NOV argues that the purpose of the proposed amendment is to recover from Conquest to the extent that Eastern is able to avoid

responsibility for Conquest's debts.[14] Eastern does not argue in its Response that NOV fails to state a valid claim against Conquest. Instead, Eastern argues that the timing of NOV's amendment (after removal) and the fact that NOV knew of its claim against Conquest at the time of filing shows that the purpose of the amendment is to defeat diversity jurisdiction.[15] NOV argues that it did not include Conquest in its Original Petition based on Eastern's signed agreement to pay Conquest's debts but that adding Conquest is necessary now that Eastern is challenging that agreement.[16]

NOV's FAC states a breach-of-contract claim against Conquest.[17] It alleges that Conquest signed a contract with NOV for oilfield equipment and services, ordered and received equipment and services, and failed to pay for them.[18]

Moreover, the timing of NOV's amendment does not imply an intent to defeat diversity jurisdiction. Although Eastern cites

---

[14] NOV's Motion to Amend, Docket Entry No. 18, pp. 14-15.

[15] Eastern's Response, Docket Entry No. 23, pp. 16-17.

[16] NOV's Motion to Amend, Docket Entry No. 18, pp. 14-15.

[17] See NOV's FAC, Exhibit E to NOV's Motion to Amend, Docket Entry No. 19, pp. 5-7.

[18] NOV's FAC, Exhibit E to NOV's Motion to Amend, Docket Entry No. 19, p. 5 ¶ 11, p. 6 ¶¶ 14-15. "The elements of a breach of contract claim are '"(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach."'" Brooks v. Excellence Mortgage, Ltd., 486 S.W.3d 29, 36 (Tex. App. 2015).

communications to NOV preceding the filing of this action in which Eastern disclaimed responsibility for Conquest's debts, none of these communications articulated a reason why the November 30, 2023, agreement — which includes an exchange of promises and is signed by both parties[19] — did not form a valid contract. But after Eastern filed its Answer it became clear that Eastern is challenging the agreement for failure to specify "essential terms" and for "indefiniteness."[20] Based on Eastern's Answer it is reasonable for NOV now to sue both Conquest and Eastern for Conquest's debts in a single suit to seek a full recovery and avoid the risk of inconsistent results. The court therefore does not find an intent to defeat diversity jurisdiction from the timing of NOV's amendment. Because NOV states a valid claim against Conquest and because the timing of NOV's amendment does not evidence an intent to defeat diversity jurisdiction, the first Hensgens factor weighs in favor of granting NOV's Motion to Amend. See Shargian, 591 F. Supp. 3d at 109; Richardson, 192 F. Supp. 3d at 726.

   2.   The Degree of Delay in Adding Conquest

NOV filed its Motion to Amend just days after the court entered a Docket Control Order, about three weeks before the deadline to file motions to amend pleadings or add parties, and

---

[19]See Confidential to Eastern Energy Services and NOV ISE, Exhibit B to NOV's Motion to Amend, Docket Entry No. 18-2, pp. 2-4.

[20]Answer, Docket Entry No. 8, p. 2.

-8-

only three months after filing the action. NOV cites to <u>Cinco Bayous, LLC v. Samson Exploration, LLC</u>, Civil Action No. 1:19-CV-452, 2020 WL 4922329, at *4 (E.D. Tex. Aug. 20, 2020), which stated that "Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint when no significant activity has commenced[,]" and <u>Wuellner Oil & Gas, Inc v. EnCana Oil & Gas (USA) Inc.</u>, 861 F. Supp. 2d 775, 791 (W.D. La. 2012), which found the second <u>Hensgens</u> factor to be neutral where the plaintiff sought to amend within the deadline to join parties but after the defendant had filed a dispositive motion. Eastern cites <u>Gallegos v. Safeco Ins. Co. of Indiana</u>, Civil Action No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009); <u>Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.</u>, No. Civ.A.03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003); and <u>Phillips v. Delta Air Lines, Inc.</u>, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001), each of which found a delay of two months after filing and about thirty days after removal to be dilatory. As the collection of cases cited by <u>Gallegos</u> demonstrates, courts have varied substantially in what they consider dilatory under the second <u>Hensgens</u> factor. Considering that no significant activity has occurred past the pleading stage and that NOV filed its Motion to Amend well before the deadline for motions to add parties, the court concludes that NOV has not been dilatory in seeking amendment. Therefore, the second <u>Hensgens</u> factor weighs in favor of granting NOV's Motion to Amend.

### 3. Whether Denying the Amendment Would Injure NOV

Were the court to deny NOV's Motion to Amend, NOV's claim against Conquest would have to be brought in a parallel state court proceeding. See Hensgens, 833 F.2d at 1182. This would burden NOV with additional litigation costs and "raise the specter that inconsistent relief would be present . . . with [NOV facing the] disadvantage of an 'empty-chair' defense in both [suits]." Brown v. M & N Eaves, Civil Action No. 4:21-cv-959-KPJ, 2023 WL 2401571, at *7 (E.D. Tex. Mar. 7, 2023). Inconsistent results are possible because the two juries could reach different conclusions as to whether Eastern assumed Conquest's debts. The Third Hensgens factor weighs in favor of granting NOV's Motion to Amend.

### 4. Other Factors Bearing on the Equities

NOV argues that Eastern will suffer no prejudice from litigating in state court because it has a major business presence in Texas, and Eastern argues that its interest in retaining the federal forum weighs against granting the amendment.[21] The defendant's interest in retaining the federal forum is the reason that the more stringent Hensgens standard governs instead of the generally more permissive standard of Rule 15. See Hensgens, 833 F.2d at 1182. Although Eastern's substantial presence in Texas could reduce the risk that it would face bias as an out-of-state defendant, NOV has not cited authority giving weight to this

---

[21]NOV's Motion to Amend, Docket Entry No. 18, p. 18; Eastern's Response, Docket Entry No. 23, pp. 21-22.

factor. The court concludes that no other factors appreciably favor or disfavor granting NOV's Motion to Amend.

### IV. Conclusion and Order

Rule 20(a)(2) allows NOV to join Conquest and Eastern as defendants in a single action. The court concludes that the Hensgens factors weigh in favor of permitting NOV to amend to add its breach-of-contract claim against Conquest. The primary purpose of NOV's amendment is to seek a full recovery — not to defeat diversity jurisdiction; NOV has not been dilatory in seeking leave to amend; and NOV would be significantly injured by a denial of the amendment. Plaintiff National Oilwell Varco, L.P.'s Opposed Combined Motion for Leave to Add Conquest Completion Services, LLC as a Co-Defendant and Motion for Remand Back to State Court (Docket Entry No. 18) is therefore **GRANTED**.

Because this places Texas citizens on both sides of this action, this court no longer has subject matter jurisdiction. This action is therefore **REMANDED** to the 234th Judicial District Court of Harris County, Texas.

The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 6th day of November, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE